FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 09, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>MULTISTAR INDUSTRIES, INC.,<br><br>        Defendant. | No.   2:21-CV-00130-SAB<br><br>**ORDER GRANTING MOTION FOR JUDICIAL RESOLUTION OF DISPUTE** |

      Before the Court is Defendant's Motion for Judicial Resolution of Dispute, ECF No. 9. The Court heard oral argument on November 8, 2022, by Video Conference. Andrene Dabaghi appeared on behalf of the United States of America. Michael Gillett appeared on behalf of Defendant Multistar Industries, Inc. ("Multistar").

      The Court has reviewed the parties' submissions, heard oral argument, and is fully informed. For the reasons discussed below, the motion is granted.

## BACKGROUND

      The United States filed the above-captioned case on April 1, 2021, alleging Multistar violated the risk management program requirements of the Clean Air Act ("CAA"). ECF No. 1. The Court entered a Consent Decree on June 8, 2021. ECF No. 8. In accordance with the CAA's statutory and regulatory requirements, the Consent Decree requires submission of Semi-Annual Reports to the U.S. Environmental Protection Agency ("EPA"), which must include certified compliance audits and inspection, testing, and maintenance records. *Id.* ¶¶ 16(a), (f).

**ORDER GRANTING MOTION FOR JUDICIAL RESOLUTION OF DISPUTE** *1

On January 25, 2022, Multistar submitted its Semi-Annual Report for the reporting period of January 1, 2021 to December 31, 2021. The EPA responded in a letter dated February 10, 2022, noting that the Semi-Annual Report did not include (1) a compliance audit and (2) maintenance records for a specific pump.

Multistar confirmed the compliance audit and maintenance records existed, but were omitted from the Semi-Annual Report due to oversight. Multistar informed the EPA that the records were overlooked because Multistar's President and General Manager, Pete Vanourek, was ill with significant health issues. It submitted the missing records to the EPA on February 25, 2022.

The EPA responded on March 30, 2022, with a demand for payment of stipulated penalties in the amount of $6,250. After formal dispute resolution procedures, Multistar filed the present motion for judicial resolution on August 26, 2022.

## DISCUSSION

Multistar moves the Court to set aside the stipulated penalties assessed by the United States. Multistar argues it complied with the Consent Decree in good faith, and its failure to submit the compliance audit and maintenance records was due to excusable oversight and unforeseen circumstances. Specifically, Multistar claims the records were excluded because the individual most familiar with the matters, Mr. Vanourek, was experiencing significant health issues and was unavailable for consultation.

Conversely, the United States argues the penalties are warranted because Multistar violated the reporting requirements of Paragraphs 16(a) and (f) of the Consent Decree. It claims inclusion of the compliance audit and maintenance reports in the Semi-Annual Report are substantive requirements, rather than mere paper omissions.

The Consent Decree is designed to allow Multistar to come into compliance with the Clean Air Act and its implementing regulations. It is undisputed that Multistar timely completed the substantive compliance audit and maintenance records for the second half of 2021; however, due to unforeseen circumstances related to the health of Mr. Vanourek, the

**ORDER GRANTING MOTION FOR JUDICIAL RESOLUTION OF DISPUTE** *2

documents were omitted from the Semi-Annual Report. The components were provided to the EPA shortly upon notice of the omission.

Given the unforeseen circumstances, the Court grants Multistar's motion. In accordance with Paragraph 46(b) of the Consent Decree, the Court finds setting aside the stipulated penalties best furthers the objectives of the Consent Decree at this time and facilitates a cooperative relationship between Multistar and the EPA.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Judicial Resolution of Dispute, ECF No. 9, is **GRANTED**.

2. The Stipulated Penalties in the amount of $6,250 assessed against Defendant, are **STRICKEN**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 9th day of November 2022.



Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING MOTION FOR JUDICIAL RESOLUTION OF DISPUTE *3**